## BOUGHTON *v*. EXCHANGE BANK.

This court has no jurisdiction to re-examine the judgment of a State court, unless the record shows, affirmatively or by fair implication, that a Federal question, necessary to the determination of the cause, is involved.

MOTION to dismiss a writ of error to the Supreme Court of the State of Pennsylvania.

This was a suit brought in the Court of Common Pleas of Philadelphia, by the American Exchange National Bank, against John W. Boughton, upon two promissory notes, whereof he was the maker. His affidavit of defence, alleging usury, having been declared to be insufficient, judgment was rendered against him, which was affirmed by the Supreme Court of the State. He then sued out this writ.

*Mr. Samuel Wagner* in support of the motion.
*Mr. Thomas Greenbank, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

To give us jurisdiction for the review of a judgment of a State court, the record must show affirmatively, or by fair implication, that some Federal question was involved which was necessary to the determination of the cause. The defence set up in this case was that the notes sued on were void for usury under the laws of New York, where they were made. Judgment was given against the plaintiff in error for want of a sufficient affidavit of defence. This judgment would be right if the affidavit was not such as was required by law or the practice of the court for the presentation of a defence like that relied on. As it is incumbent on him to show by the record, not only that this was not the ground of the decision below, but

that some wrong determination of a Federal question was, — and it has not been done, — we might dismiss the suit without further examination; but on looking into the opinion, which has been sent up with the record, we find that the Court of Appeals based its judgment, which alone we can review, entirely on the fact that the affidavit was not sufficiently specific in its averments to meet the requirements of the rules of pleading applicable to such cases.

It is clear, therefore, that we have no jurisdiction.

*Motion granted.*